**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND, Debtor | Case No. 24-13093-PMM |
| JASON SCOTT JORDAN, Plaintiff, | Involuntary Chapter 11 |
| v. | |
| ALAN CHRISTOPHER REDMOND, Defendant. | Adv. Proc. No. _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBTS TO JASON SCOTT JORDAN**

NOW COMES, Jason Scott Jordan, Plaintiff herein and by undersigned counsel, who files this Complaint against the Defendant and alleges as follows:

1. This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. § 157(b) and Plaintiff consents to the entry of final judgment in this proceeding by this Court.

2. Defendant is the Debtor in this Involuntary Chapter 11 case. Plaintiff is a creditor of Defendant.

3. This is an adversary proceeding to determine the dischargeability of debts.

## COUNT 1

4. Defendant is indebted to Plaintiff for a civil judgment of $13,105,197.20, together with postjudgment interest at the legal rate, accruing from December 20, 2021, which judgment was entered onto Docket No. 14-17117 of the Berks County Court of Common Pleas (the "Civil Judgment").

5. A true and correct copy of the Decision and Verdict by the Berks County Court of Common Pleas is attached as Exhibit A (the "Decision") and incorporated by reference.

6. The Civil Judgment consists of $8,105,197.20 in monetary damages and $5,000,000 in

1

punitive damages as a result of willful and malicious injury by the Defendant to the property of Plaintiff.

7.      As found in the Decision, the Defendant, while acting in his capacity as Director of the National Brokers of American, Inc. (NBOA), obtained services from Plaintiff by false pretenses, a false representation, or actual fraud under a written Shareholders' Agreement to become a 50% shareholder and having equal managerial authority in NBOA, and then, after obtaining Plaintiff's services, unlawfully excluded Plaintiff from participation in the operations and management of NBOA and from sharing in the income and profits of NBOA (the "Freeze Out"), and "knowingly misappropriated" funds without consent of Plaintiff during the Freeze Out.

8.      Such misappropriations by Defendant included the following: (1) taking Plaintiff's share of the earnings, profits, and distributions arising from NBOA; (2) running Defendant's personal expenses through NBOA without reporting the same as income on any tax return and improperly characterizing the same as business expenses; and (3) unlawfully transferring property from NBOA, including its book of business, equipment, and $361,782.72 in funds, to Bene Market, LLC, which Defendant owned.

9.      The Civil Judgment is nondischargeable under 11 U.S.C. § 523, including under Section 523(a)(2)(A) for services obtained by false pretenses, a false representation, or actual fraud; under Section 523(a)(4) as a debt for fraud or defalcation, or both, while acting in a fiduciary capacity or embezzlement or larceny; and under Section 523(a)(6) for willful and malicious injury to the property of Plaintiff.

        **WHEREFORE**, based on the foregoing, Plaintiff requests that they Court determine that the debt of $13,105,197.20, together with all interest thereon, is nondischargeable; that Plaintiff have judgment against Defendant for such amount; and that the Court enter judgment declaring

such debt to be nondischargeable and such other relief as the Court deems necessary, just or appropriate.

## COUNT 2

10. The foregoing averments are repeated.

11. Defendant used the $8,105,197.20 in misappropriated property to acquire property and to invest in income-producing assets, investments, and creation of businesses, including Bene Market, LLC.

12. All consequential gain that is traceable to the $8,105,197.20 in misappropriated property is subject to restitution, together with prejudgment interest at the legal rate, in favor of Plaintiff, and is nondischargeable to the same extent as Count 1.

**WHEREFORE**, based on the foregoing, Plaintiff requests that they Court determine that the debt of restitutionary damages for consequential gains from $8,105,197.20 in misappropriated property, together with all interest thereon, is nondischargeable; that Plaintiff have judgment against Defendant for such amount; and that the Court enter judgment declaring such debt to be nondischargeable and such other relief as the Court deems necessary, just or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 6, 2024          By:     /s/ Joel A. Ready
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875