**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |
| Jason Scott Jordan,<br><br>Plaintiff<br><br>v. | Adv. No. 24-0145 (PMM) |
| Alan Christopher Redmond,<br><br>Defendant | |

**PLAINTIFF'S RULE 26(f) REPORT**

Plaintiff submits this Report under Fed. R. Civ. P. 26(f).

**I.      COMPLIANCE WITH THE COURT'S AMENDED ORDER.**

In compliance with the Court's Amended Order [ECF No. 8], on January 21, 2025, Defendant's counsel submitted their discovery position to the undersigned, and by letter dated January 22, 2025, Plaintiff's counsel submitted our discovery position to Defendant's counsel.

On February 5, 2025, Plaintiff's counsel submitted the material below to Defendant's counsel, requesting to include the Defendant's position in a Joint Rule 26(f) Report. The material below expresses Plaintiff's disagreement with the Court's current discovery order, and proposes an alternative plan. Attorney Albert Ciardi submitted an e-mail on February 5, 2025, asserting that the material below does not comply with the Court's order and directing Plaintiff's counsel to submit a Rule 26(f) Report that is separate from the Defendant's.

**II.      CASE INTRODUCTION AND PROCEDURAL HISTORY.**

On December 20, 2021, Jason Scott Jordan ("Jordan") obtained a money judgment against

1

Alan Christopher Redmond ("Redmond") in the Berks County Court of Common Pleas ("Common Pleas"), C.A. No. 14-17117, in the amount of $13,105,197.20, which consists of $8,105,197.20 in compensatory damages and $5,000,000.00 in punitive damages. This judgment became affirmed on appeal to the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania denied Redmond's Petition for Allowance of Appeal.

The litigation began in 2014. A true and correct copy of that decision and verdict in Common Pleas is appended to the Complaint as Exhibit A and filed by Praecipe to Attach at ECF No. 2. Common Pleas, by and through the Hon. Timothy J. Rowley, provided 14 pages of Findings of Fact which are binding upon these parties and entitled to preclusive effect in this Court. As a result, any discovery in this case is significantly constrained by the doctrine of issue preclusion.

Jordan asserted claims in that action, *inter alia*, of Breach of Fiduciary Duty against Redmond, individually. Briefly stated, Judge Rowley determined that Redmond and Jordan were both directors, with equal managerial authority, and shareholders of National Brokers of America, Inc. ("NBOA"), each owning 50% of the shares. But in 2014 Redmond froze Jordan out of the business. [ECF No. 2 ¶¶ 11, 20-21, 29]. Judge Rowley found, "Redmond act[ed] *ultra vires* to freeze Jordan out of NBOA and keep all benefits of NBOA solely for himself." [Id. ¶ 48]. Judge Rowley specifically found that Redmond had "misappropriated" assets that he paid to himself which equaled $15,496,492. [Id. ¶ 78]. Judge Rowley then divided that figure in half to compute Jordan's compensatory damages. Recognizing that Jordan's claim sounded in tort, rather than contract, Judge Rowley awarded punitive damages. Among other things, Judge Rowley found that Redmond acted maliciously "by serially filing bankruptcy" for NBOA "on the eve of trial to create the seven year pendency of this litigation so he could hold Jordan at arm's length while he drained NBOA's coffers and then moved all assets over to Bene Market, LLC." [Id. ¶ 80].

The parties disagree whether the judgment comes within the scope of nondischargeability under the Bankruptcy Code, inclusive of 11 U.S.C. § 523. This adversary proceeding calls upon the Court to determine dischargeability under the Code. Count I of the Complaint relates to the $8,105,197.20 judgment and Count II relates to restitutionary damages from the consequential gain from Redmond's unjust enrichment. Jordan submits this distinction does affect the Court's decision for the management of discovery in this case.

Judge Rowley determined that, following the freeze-out, Redmond "misappropriated NBOA's book of residual business to his new company, Bene Market, LLC at a discounted rate and without the consent of Jordan and such transfer produced the shutting down of NBOA in 2018." [ECF No. 2 ¶ 60]. Redmond then misappropriated NBOA's "valuable book of business to Bene Market," in 2017. [Id. ¶¶ 61]. Redmond operated "NBOA and Bene Market, LLC as a single business entity," and Bene Market, LLC was therefore "an identical business," that was using the same employees, "selling the same products, using the same office space and same furniture and equipment," and was "a mere continuation of NBOA for purposes of ownership interest and rights as between Redmond and Jordan." [Id. ¶¶ 62, 70].

In Common Pleas, at C.A. No. 22-11757, Jordan filed suit against Bene Market, LLC, Alan Christopher Redmond, and Stephanie Farris Miller. Miller was dismissed from the case by stipulation, and now the action is removed into this Court at Adversary Proceeding No. 24-00144-PMM (the "Removed Action").

Under Count II of the Complaint in this case, if the Court determines that Redmond's unjust enrichment is also nondischargeable, then the amount of the consequential gain is a subject of adjudication in the Removed Action. There is, therefore, a relationship between this case and the Removed Action relative to the amount of consequential gain in Count II, but not as to liability

3

whether Counts I and II are dischargeable under the Code.

### III.    JURISDICTION.

Dischargeability of a debt is a recognized "core" adversary proceeding arising under the Code. Fed. R. Bankr. P. 7001(f); 28 U.S.C. § 157(b).

### IV.    DISCOVERY PLAN.

Counsel for the parties conferred in writing on January 21 and 22, 2025. Plaintiff requests the Court hold a discovery conference with counsel for the parties.

The Defendant filed an Answer and did not raise any affirmative defenses or counterclaims. Generally, under Grogan v. Garner, 498 U.S. 279 (1991) and Beard Research, Inc. v. Kates (*In re Kates*), 485 B.R. 86, 101 (Bankr. E.D. Pa. 2012), the Court must give preclusive effect to the findings of fact entered by Judge Rowley. However, to the extent the standards differ in 11 U.S.C. § 523(a) from the question before Judge Rowley, then issue preclusion does not apply and discovery may be necessary. RESTATEMENT (SECOND) OF JUDGMENTS § 27.

Here, we believe we can establish nondischargeability from Judge Rowley's findings of fact. But it is a more efficient use of judicial resources for the Court to dispense with discovery, hold an evidentiary hearing on Defendant's intent, and impose a briefing schedule to entertain whether and to what extent Grogan preclusion applies. If Debtor is not precluded in respect of his intent, then the Court may determine the same as factfinder and render judgment.

However, the need to determine the amount of the consequential gain in Count II of the Complaint can be stayed in favor of, and consolidated with, the Removed Action, where discovery will address that question.

Defendant's request to depose Jason Scott Jordan is manifestly improper, where the judgment cannot be collaterally attacked through Jordan's credibility, and unduly burdensome and

4

intended for harassment. By e-mail dated January 21, 2025, defense counsel requested to depose Jordan regarding his insurance licensure for the purpose of impeaching his credibility. But defense counsel already deposed Jordan on that subject on September 30, 2024, in connection with trial on the order for relief in Case No. 24-13093, and there is no way in which such a deposition would be relevant to this matter.

## IV.     PROPOSED DEADLINES.

Discovery is unnecessary as to Count I where it can be decided on the submission of advocacy briefs by counsel for the parties after holding an evidentiary hearing on the Defendant's intent. The Court may determine if <u>Grogan</u> preclusion applies or, alternatively, to exercise its role as factfinder as to Debtor's intent.

Discovery on Count II should be stayed until a final resolution of the Removed Action as to the amount of damages for Debtor's unjust enrichment.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: February 5, 2025          By:     /s/ Joel A. Ready
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875

5