**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND, Debtor | Case No. 24-13093-PMM |
| JASON SCOTT JORDAN, Plaintiff, | Involuntary Chapter 11 |
| v. | |
| ALAN CHRISTOPHER REDMOND, Defendant. | Adv. Proc. No. 24-0145-PMM |

**JASON SCOTT JORDAN'S INITIAL DISCLOSURES PURSUANT TO
CIVIL RULE 26(a)(3)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Jason Scott Jordan (the "filer"), through his undersigned counsel, makes the following initial disclosures in the above-referenced adversary proceeding.

**I.      Introduction.**

These disclosures incorporate by reference Jordan's Rule 26(f) Report filed at ECF No. 12, and should not be construed as waiving Jordan's contention that issue preclusion is applicable to this proceeding under <u>Grogan v. Garner</u>, 498 U.S. 279 (1991) and its progeny.

These initial disclosures are based on information presently known and reasonably available to the filer at this time and which the filer reasonably believes it may use in support of its claims and defenses. Continuing investigation and discovery may cause the filer to revise, correct, supplement or clarify these initial disclosures, including by identifying other potential witnesses, documents and by disclosing other pertinent information. Filer therefore reserves the right to supplement these initial disclosures.

1

By providing these initial disclosures, filer does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without filer in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by filer regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

## II.     Individuals Likely to Have Discoverable Information

Subject to the foregoing reservations, including the filer's right to modify, supplement, or clarify this response, the following individuals are likely to have discoverable information that Defendant may use to support their claims and defenses in this action:

1.     Alan C. Redmond.

2.     Debtor is on notice that Rule 26(a)(1)(A)(i) exempts disclosure of any witness if "the use would be solely for impeachment," and therefore Jordan may call himself or anyone in the world for the purpose of impeaching Redmond's credibility if Redmond does not unequivocally admit the intent described in 11 U.S.C. § 523(a).

3.     Any witness identified in Redmond's Rule 26(a), other than undersigned counsel.

Filer reserves the right to obtain discovery in support of their claims or defenses from any witness identified in any other party's Rule 26(a)(1) disclosure.

**III.    Description of Documents**

Subject to the foregoing reservations, including the filer's right to modify, supplement, or clarify this response, Jordan represents that he has the following category of documents, electronically stored information, and tangible things that may support all claims or defenses

1.    Decision and Verdict (Dec. 20, 2021), C.A. No. 14-17117, Berks County Court of Common Pleas.

2.    Any document that has already been produced, or will be produced, to Debtor's counsel, at any time, from Case No. 24-13093, regardless of the source.

3.    Debtor is on notice that Rule 26(a)(1)(A)(ii) exempts disclosure of any document, electronically stored information, or tangible things if "the use would be solely for impeachment," and therefore Jordan may rely on any document, electronically stored information, or tangible things anywhere in the world for the purpose of impeaching Redmond's credibility if Redmond does not unequivocally admit the intent described in 11 U.S.C. § 523(a).

4.    Any document, electronically stored information, and tangible things identified on any other party's Rule 26(a) disclosures, including Debtor's.

Filer reserves the right to amend this list in accordance with the Federal Rules of Civil Procedure and the local rules of Court.

**IV.    Computation of Damages**

See Decision and Verdict (Dec. 20, 2021), C.A. No. 14-17117, Berks County Court of Common Pleas.

**V.    Insurance**

None.

3

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: March 24, 2025          By:     /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        PA Attorney I.D. # 321966
                                        8500 Allentown Pike, Suite 3
                                        Blandon, PA 19510
                                        (610) 926-7875