

8500 Allentown Pike, Suite 3
Blandon, PA 19510

March 24, 2025

**VIA Electronic Case Filing**
Honorable Patricia M. Mayer
United States Bankruptcy Court
for the Eastern District of Pennsylvania
The Gateway Building
201 Penn Street, 4th Floor
Reading, PA 19601

> **Re:   Clarifying the Court's Order at ECF No. 269**
> ***In re* Alan Christopher Redmond, Case No. 24-13093-PMM**

Your Honor,

On behalf of Jason Scott Jordan, and pursuant to the Court's policies and procedures, I requested a discovery conference by way of my Rule 26(f) Report filed with the Court on February 5, 2025 at ECF 11. Yesterday, I submitted an e-mail to your Deputy, Sara Roman, asking for a discovery conference, and copied Debtor's counsel on that e-mail. Ms. Roman directed that I file the request on the docket. By this letter, I respectfully renew that request for a discovery conference. Attorney Ciardi and I have conferred regarding the scope of discovery.

In essence, our dispute is that Jordan has a final judgment in the Berks County Court of Common Pleas, with 15 pages of findings of fact, which amount to issue preclusion in this adversary proceeding for non-dischargeability of the debt to Jason Scott Jordan. Notwithstanding this issue preclusion, Debtor's counsel's discovery is aimed at re-litigating the merits of the underlying case, including insisting on a deposition on the underlying facts.

Debtor's counsel wants to depose Jordan, again. Debtor deposed Jordan in this matter on September 30, 2025. Contrary to Attorney Ciardi's statements yesterday, I have never consented to another deposition of Jordan. I have objected that there is no relevant information that could possibly come out of a deposition of Jordan as the nature and validity of the judgment obtained in the trial court are matters of law.

Furthermore, my opposition to a pointless deposition is not just about a waste of time and resources. I am also very concerned about harassment. After the last deposition, Bill Rush, at Redmond's direction, contacted a number of state licensing agencies and asked that they investigate Jordan based on his answers in the deposition. While Jordan is being cleared, one by one, of wrongdoing in these investigations, they have required my client to invest significant time in dealing with this harassment. Any attempt to depose Jordan again should lay out a clear, non-

1

harassing purpose for such discovery—and to date, I've received no such offer of proof from Mr. Ciardi in support of his request.

By Rule 26(a) Disclosure, Debtor's counsel has listed me as a witness without any explanation why that is appropriate under the facts and circumstances of this proceeding. Furthermore, Debtor's counsel keeps insisting that Debtor has a "claim" against Jordan, but with no counterclaim on the record, we have no notice of that whatsoever. If that's the "claim" that counsel is pursuing a deposition for, we're materially prejudiced in not knowing what it is.

We believe a discovery conference is appropriate for this matter. I suggest that this could be accomplished on the April 1 date in person but am open to whatever the Court prefers in terms of timing and method.

Sincerely,

By:  *Joel A. Ready*

Joel A. Ready, Esquire

Cc:
For the Debtor:
Albert A. Ciardi, III, Esquire, aciardi@ciardilaw.com
Nicole Nigrelli, Esquire, nnigrelli@ciardilaw.com
Daniel Siedman, Esquire, dSiedman@ciardilaw.com