**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| *In re*: | : |
| | : **Chapter 11** |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : **Bankruptcy No. 24-13093(PMM)** |
| Debtor. | : |
| | : |
| | : |
| **JASON SCOTT JORDAN,** | : |
| | : |
| Plaintiff, | : **Adversary No. 24-0145(PMM)** |
| v. | : |
| | : |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : |
| Defendant. | : |
| | : |

**OBJECTION OF DEBTOR/DEFENDANT ALAN CHRISTOPHER REDMOND
TO PLAINTIFF'S UNTIMELY RULE 26(a)(3) DISCLOSURE**

Alan Christoper Redmond, ("Defendant"), by and through his counsel, Ciardi Ciardi & Astin, objects to he Rule 26(a)(3) Disclosures of Plaintiff as follows:

**Timeliness**

1. These disclosures were due on March 17, 2025, pursuant to the Pretrial Order (Docket No. 8).

2. The Defendant filed it disclosures timely.

3. The Plaintiff has not sought an extension of time nor provided any excuse for his willful failure to meet the deadline in the Pretrial Order.

**OBJECTIONS**

4. Discovery closed on March 11, 2025.

5. Plaintiff failed to serve any discovery on Defendant.

1

6. The Defendant served Interrogatories and Requests for Production as well as a Notice of Deposition of Jason Scott Jordan.

7. Plaintiff produced only one (1) document in response to the Request for Production and identified no other documents.

8. While Plaintiff is correct that the initial disclosure requirements do not require production of solely impeachment evidence, the rules of discovery do require its production when it is requested.

9. Courts have routinely held that discovery requires the production of impeachment materials even if the pre discovery disclosures rules do not. Bradley v Liberty Mutual Group, Inc., 2013 WL 3864316 at *2 (E.D. La. 2013)("there is nothing in the Federal Rules that permits a party to refuse to produce impeachment evidence that is responsive to an opponent's discovery requests"); Mason v. T.K. Stanley, Inc., 229 F.R.D. 5333, 534-35 (S.D. Miss. 2005); Karr v Four Seasons Maritime Ltd., 2004 WL 797728 at *1-2 (E.D. La. 2004); Ward v CSX Transportation, Inc., 161 F.R.D. 38, 39-40 (E.D.N.C. 1995).

10. The Court can dispose of the utterly frivolous argument that the Plaintiff does not need to identify impeachment witnesses or documents.

11. The Plaintiff further misapplies the appropriate rules. Rule 26(a)(1)(4)(i) applies only to initial disclosures. Before the Court currently are the Pretrial Disclosures under Rule 26(a)(3), an entirely different rule.

12. So that there is absolute clarity, the Debtor denies the intent required under Section 523 and proof of intent lies solely with the Plaintiff.

13. The Debtor's discovery specifically sought all witnesses or documents which Plaintiff intended to use or call for any purpose.

14. The Debtor noticed Jordan for a deposition in order to question him on the documents or witnesses that Jordan was to identify in discovery.

15. Jordan identified one document and no witnesses.

16. This Court should limit Plaintiff to no witnesses and the one identified document.

17. Discovery requires the actual production of documents not just a "go look here" comment from Plaintiff.

18. The Debtor objects to these disclosures because Jordan has produced nothing and identified nothing.

19. The Debtor will file a Motion to Compel Production and/or Preclude Evidence based upon Plaintiff's willful discovery violations.

**CIARDI CIARDI & ASTIN**

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
T (215) 557-3550
F (215) 557-3551
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

Date:  March 25, 2025

*Counsel to Debtor/Defendant*
*Alan Christopher Redmond*