**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : NO. 24-13093(PMM) |
| Debtor. | : |
| | : |
| | : |
| JASON SCOTT JORDAN, | : |
| | : |
| Plaintiff, | : ADV. PRO. NO. 24-0145(PMM) |
| v. | : |
| | : |
| ALAN CHRISTOPHER REDMOND, | : |
| | : |
| Defendant. | : |
| | : |

**ALAN CHRISTOPHER REDMOND'S REPLY BRIEF IN SUPPORT OF**
**REDMOND'S MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO FED. R. CIV. P. 56 MADE APPLICABLE TO**
**THIS PROCEEDING BY FED. R. BANKR. P. 7056 AND IN OPPOSITION TO THE**
**CROSS MOTION FOR SUMMARY JUDGMENT OF JORDAN**

Alan Christopher Redmond (the "Debtor" or the "Defendant"), by and through

undersigned counsel, Ciardi Ciardi & Astin, files this Reply in Support of Redmond's Motion

for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 made applicable to

this proceeding by Federal Rule of Bankruptcy Procedure 7056 (the "Motion")[1] and in

Opposition to the Motion for Summary Judgment of Jordan.  Redmond relies on his original

moving papers and specifically incorporates those arguments.  This Reply addresses issues

not already addressed in the original Motion.

---

[1] A Statement of Material Facts is incorporated into the Motion and herein by reference.

## I.    JORDAN'S CROSS MOTION IS NOT TIMELY

This Court entered a Pretrial Order on January 14, 2025 at D.I. 8.  The Order at Section 6(e) made it very clear that all Motions for Summary Judgment shall be filed by March 28, 2025. Redmond was the only party to timely file a Motion for Summary Judgment. There is no local rule, federal rule or other procedure which permits the Plaintiff here to file a Cross Motion seeking Summary Judgment when the Plaintiff has otherwise failed to timely file the orders of this Court.

## II.    JORDAN HAS FAILED TO COMPLY WITH DISCOVERY.

Jordan did not participate in the discovery process in any way. Jordan failed to respond to any discovery propounded by the Defendant other than to point to the Decision and Verdict dated December 20, 2021. That document is the only document that the Plaintiff produced and relied upon in discovery. *See* Exhibits E, F and G to the Defendant's Motion for Summary Judgment.  That Decision and Verdict, and nothing outside its four corners, is the only piece of evidence upon which the Plaintiff can rely. The Plaintiff has cited and attached four (4) documents as Exhibits in its Cross Motion for Summary Judgment.  None of these documents are identified in any of the discovery produced by the Plaintiff, primarily because the Plaintiff produced and identified NOTHING.  If the Court does not grant the Defendant's Motion for Summary Judgment and the Plaintiff provides actual answers to discovery and produces a witness, maybe at that time there will be a record sufficient for this Court. However, Plaintiff failed to comply with discovery and, in addition, failed to timely comply with the Rule 26(a)(3) disclosures established in Section 6 of the Amended Pretrial Order. Based upon the willful failure of Jordan to comply with discovery, the Cross Motion for Summary Judgment should be denied.  In the alternative, to the extent there are any citations

to the Exhibits attached to the Cross Motion for Summary Judgment, the Court should ignore all such citations and the record related thereto based upon the failure to identify or produce these documents in discovery.

### III.   JORDAN CANNOT ESTABLISH ANY EXISTING FINDING FOR BREACH OF FIDUCIARY DUTY

Plaintiff's Cross Motion can only be based upon the December 20, 2021 Decision and Verdict.  The words "breach" and "fiduciary" do not appear on any page of that document. There is not one time that the court even refers to Redmond as a fiduciary.  The Defendant incorporates his prior arguments at Section IV(a) (ii) of the Defendant's Motion for Summary Judgment.  Redmond notes for the Court the materially false statement made by Plaintiff on page 2 of his Brief at #2 when he cites to Paragraphs 29 and 78 of the Decision and Verdict as allegedly referencing "breach of fiduciary duty".  Those words do not appear in any paragraph of the Decision or Verdict, let alone those two paragraphs.  Further, there is an order dated April 11, 2018 which specifically says that there is no fiduciary duty.  *See* Exhibit "D" to Defendant's Motion for Summary Judgment at pages 23-24**.** The reference to conforming pleadings to the evidence does not save the fiduciary duty claim, because it was already addressed in a prior order.

In a similar but not as egregious misstatement of facts on Page 3 of the Cross Motion in #4, Plaintiff again states alleged facts outside of the Decision and Verdict.  As referenced earlier, there is no mention of fiduciary duty or breach in the Decision and Verdict. Moreover, Plaintiff intentionally misquotes the April 18 Order. The April 18 Order very clearly states "There is no fiduciary duty by a 50% shareholder to another 50% shareholder." *See* Exhibit "D" to Defendant's Motion for Summary Judgment at pages 23-24**.**  Plaintiff uses

the word "solely" to modify the April 18 Order but the word solely does not exist in the April 18 Order nor can it be implied.  Plaintiff may have argued about breach of fiduciary duty in a pleading, but the court never found that Redmond owed a fiduciary duty or that there was a breach.  Further, there is no evidence to a statement that Judge Rowley knew a tort was committed.  The cited lines to the transcript refer to comments made by Plaintiff's counsel and not the Judge.

#### IV.    THE STATE COURT SPECIFICALLY DECLINED TO FIND FRAUD IN THE DECISION AND VERDICT

While a flagrant violation of discovery, the Plaintiff did this Court and the Defendant a favor in attaching the Proposed Findings of Fact and Conclusions of Law of Jordan.  *See* Exhibit 1 to Cross Motion.  The Court will see that the State Court in the Decision and Verdict eliminated every requested fraud finding and every requested use of the word fraud from the Decision and Verdict.  The Court can compare proposed finding 54 to Finding 56 in the Decision and Verdict. Those findings are virtually identical but for the removal of the word "fraudulently".  That change cannot be ignored by this Court.  The Plaintiff specifically asked for a finding of fraud and it was denied.  Before the Plaintiff tries to argue that the court made an oversight or meant otherwise, every mention of "fraudulently" or "fraudulent" was stricken by the court. The court left not one reference to fraud in the decision or verdict.  The court used other adjectives or no adjective but specifically rejected the use of any derivation of the word "fraud".  That word choice means something.  That word choice must be given effect.

Finding 58 relates to Proposed Finding 56.  Finding 59 relates to Proposed Finding 57. Finding 61 relates to Proposed Finding 59.  Finding 65 relates to Proposed Finding 64.

Finding 66 relates to Proposed Finding 65.  Findings 70, 72, 73, 74, 75, 76, and 78 all relate to Proposed Finding of the same number.  The court in each finding strikes or revises the request for a finding of "fraud".  The State Court went even further and rejected, or at a minimum, chose not to include the Proposed Conclusions of Law.  The court simply entered a verdict.  The court did not allocate damages among any of the counts that may have been left, the court did not identify the basis for its legal conclusions and the court specifically did not adopt any of the Plaintiff's conclusions of law.  There is no specific finding of fraud in the verdict in this matter and there is no finding of breach of fiduciary duty. Whatever the court held is non-specific and not allocated or attached to a claim.  Therefore, the Decision and Verdict cannot be used for collateral estoppel or issue preclusion.  *In re Panos*, 573 B.R. 723, 735-36 (Bankr. S.D. Ohio 2017).

### V.    *IN RE FENG LI* IS INAPPOSITE.

The Plaintiff spends an inordinate amount of time on the decision of *In re Feng Li*, 610 Fed Appx 126 (3d Cir 2015).  As noted in the opinion itself, this decision is not binding precedent. *Id*. at f/n 1.  The decision, however, is irrelevant to the issue at hand for the simple reason that the debtor in that case was the attorney for the plaintiff that sought to avoid the discharge.  As the debtor was the attorney for the plaintiff there was never any dispute that there was a fiduciary relationship.  In the case at bar, there is a court order specifically stating that there is no fiduciary relationship.   *See* Exhibit "D" to Defendant's Motion for Summary Judgment at pages 23-24**.**  The *Feng Li* decision has nothing to do with the issues before this Court.

Plaintiff has advised the Defendant and this Court that he intends to rely exclusively on the State Court Judgment at the time of trial and Defendant should be precluded from

relitigating the State Court Judgment. *See* Exhibits A, E and F.  If Plaintiff is limited to the

State Court Judgment by his own admission and decision not to take or provide discovery in

this matter, Plaintiff is wholly unable to meet his burden of proof under section 523(a).

Because of the absence of material facts supporting Plaintiff's claims, summary judgment in

favor of the Defendant is warranted.  In the alternative and because the issue is central to

Plaintiff's position, Defendant does not believe issue preclusion can prevent a trial on the

merits in this matter because the State Court Judgment is entirely lacking on the elements of

section 523(a)(2), (4) and (6).

## VI.    CONCLUSION

WHEREFORE, for the reasons set forth herein, Alan C. Redmond respectfully

requests this Court grant the Motion, enter judgment the Defendant's favor, and grant such

other relief as is appropriate.

Respectfully Submitted,

CIARDI CIARDI & ASTIN

/s/ Albert A. Ciardi, III
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
Jennifer C. McEntee, Esquire
Philadelphia, PA 19103
215 557 3550
215 557 3551 (fax)
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
jcranston@ciardilaw.com

Date: May 30, 2025