**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| Jason Scott Jordan, | Involuntary Chapter 11 |
| Plaintiff | Adv. No. 24-0145 (PMM) |
| v. | |
| Alan Christopher Redmond, | |
| Defendant | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND FOR RULE 56(f)(1) RELIEF**

Plaintiff, Jason Scott Jordan, hereby submits this Sur-Reply in opposition to Defendant's

Motion for Summary Judgment at ECF No. 18 and for relief under Fed. R. Civ. P. 56(f)(1).

**I.      Defendant Misreads the Third Circuit's Decision of *In re* Feng Li.**

We pointed out the application of collateral estoppel in the remarkably similar case of <u>*In*</u>

<u>*re* Feng Li</u> (*Feng Li II*), 610 F. App'x 126 (3d Cir. 2015). Defendant responds, "As the debtor was

the attorney for the plaintiff there was never any dispute that there was a fiduciary relationship."

[ECF No. 30 at 5]. From a review of the U.S. District Court's opinion from that same case, the

finding of nondischargeability was predicated on embezzlement: "[T]he Bankruptcy Court

appeared to rely upon § 523(a)(4) disallowance of discharge of obligations incurred as a result of

the debtor's embezzlement," <u>Li v. Peng</u> (*In re* <u>Feng Li</u>) (*Feng Li I*), 516 B.R. 26, 44 (D. N.J. 2014).

The District Court agreed with that outcome: "Fraudulent intent may be determined from the facts

and circumstances surrounding the act." <u>Id.</u> at 44 (quoting <u>Harris v. Dawley</u> (*In re* <u>Dawley</u>), 312

B.R. 765, 779 (Bankr. E.D. Pa. 2004)). The District Court for the District of New Jersey, however,

erroneously thought that Section 523(a)(4) embezzlement required a finding of a fiduciary

relationship, which the Defendant in the instant case concedes to be inapplicable and this Court so

1

held in T. Levy Assocs. v. Kaplan (*In re* Kaplan), 608 B.R. 443, 456 (Bankr. E.D. Pa. 2019) ("[T]he existence of a fiduciary relationship is not required for the non-dischargeability of a debt owing to larceny or embezzlement."). Moreover, Defendant offers no analysis why he was not a fiduciary by reason of being a corporate officer and director of National Brokers of America, Inc.

Thus, Feng Li applied the embezzlement standard and is directly on point. Like Feng Li, fraudulent intent is established within Judge Rowley's findings of misappropriation. Defendant is correct that Feng Li II is an unpublished case. So what? It offers helpful guidance and the Third Circuit upheld the finding of nondischargeability under the collateral estoppel doctrine.

II.     **The Court Can Judicially Notice the Law of the Case and There Were No Discovery Violations Here.**

Defendant erroneously tells the Court that Plaintiff did not participate in discovery and, as a result, the Court is not permitted to judicially notice the law of the case in the underlying action before Judge Rowley and may not consider the exhibits Plaintiff submitted at ECF No. 24-1 from the underlying action. For the sake of rebutting the Defendant's incorrect assertions about the law of the case, we put before the Court a trial transcript in the underlying action where Judge Rowley granted a motion to conform the pleadings to the evidence. [ECF No. 24-1, at 71; see also, ECF No. 24 at 7 (Statement of Fact No. 24)]. We additionally submitted Jordan's Proposed Findings and Conclusion to Judge Rowley, for the sake of establishing to this Court that breach of fiduciary duty was fully briefed and argued before and considered by Judge Rowley. [ECF No. 24-1, at 18].

"Discovery exists to advance issue formulation, to assist in fact revelation, and to reduce the element of surprise at trial, and is based on the policy that the trial decision should result from a disinterested search for truth." Balakrishnan v. TTEC Digital, LLC, 2024 U.S. Dist. LEXIS 167618, at *12 (D. Colo. Sept. 17, 2024) (citations and internal quotations deleted). Here, however, this Defendant has reduced discovery into a game and asks the Court to suppress the truth without

any showing of prejudice much less any violations here.

First, there are no discovery violations in the materials we submitted to the Court from the underlying action. By Rule 26(a) Initial Disclosures, the Defendant designated "[a]ll exhibits or documents produced or used" in the underlying action. [ECF No. 13 at 2]. In Plaintiff's Rule 26(a) Initial Disclosures, we designated "[a]ny document, electronically stored information, and tangible things identified on any other party's Rule 26(a) disclosures, including Debtor's." [ECF No. 15 at 3]. Defendant already possessed that material and we don't have to produce what Defendant already has. Defendant tells the Court that we relied exclusively on Judge Rowley's Decision and Verdict. Not so. We put Defendant on notice that we may use any materials that the Defendant may use, as well as reserving the right to impeach his intent with any evidence.

Moreover, Defendant hypocritically didn't produce or identify any of the materials from the underlying action attached to his Motion for Summary Judgment. Defendant attached to his Motion the following: Answer to the Complaint [ECF No. 18-3], a Petition for Leave to Amend Counterclaim [ECF No. 18-4], and Judge Rowley's pre-trial orders [ECF No. 18-5]. To use Defendant's argument, the Defendant also failed "to identify or produce these documents in discovery" [ECF No. 30 at 3]. What's good for the Defendant is good for the Plaintiff here.

Next, under Fed. R. Evid. 201, the Court may judicially notice the law of the case in the underlying action before Judge Rowley whether the docket, transcript or order was produced in discovery or not. Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Cooley v. DiVecchio, 307 F. App'x 611, 613-14 (3d Cir. 2009) (judicial notice of State court records). Under Fed. R. Civ. P. 26(a), made applicable to this proceeding by Fed. R. Bankr. P. 7026, it's well settled that impeachment and rebuttal evidence do not have to be produced during discovery. Tasco v. IBEW, Local 98, 634 F. App'x 94, 96 (3d Cir. 2015).

Next, Plaintiff asked this Court for a discovery conference [ECF No. 12, at 4], and Defendant "objects to the same as one is not warranted." [ECF No. 14]. Defendant represented to the Court that he "will be filing a Motion to Compel Production of Documents and/or Limit Evidence" [id.], but never followed through on that. Defendant cannot litigate Rule 37 discovery motions within a Rule 56 motion for summary judgment and should be judicially estopped where opposing our request for a discovery conference and failing to file a motion to compel as represented. G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 261 (3d Cir. 2009); Bienert v. Bienert, 168 A.3d 248, 255 (Pa.Super. 2017) ("Judicial estoppel applies with equal if not greater force when a party switches positions within the same action." (quotation omitted)).

In any event, Defendant is required by law to show the indispensable element of prejudice. Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co., 843 F.2d 683, 691 (3d Cir. 1988). Defendant makes no attempt to establish why there is prejudice here. By e-mail dated January 21, 2025, defense counsel asked to depose Jordan "regarding his statements to insurance regulators and his prior criminal convictions as those are material credibility issues . . ." [ECF No. 24-1 at 66]. But where, as here, Jordan has a final judgment against the Debtor, Jordan's credibility is no longer relevant. Moreover, defense counsel already deposed Jordan on September 30, 2024 and inquired into his criminal history and representations to insurance regulators. [ECF No. 24-1, at 49-56 (Dep. Tr. 8:5-25 to 35:1-25)]. The Court ordered us to produce our Rule 26(a)(3) disclosures by March 18, 2025. Jordan filed on March 24th. So what? Defendant doesn't show prejudice.

Defendant cannot overcome an entry of summary judgment against him on a boilerplate suggestion that we didn't participate in discovery unaccompanied by any showing of prejudice.

**III.    Response to Defendant's Accusations of Materially False Statements.**

Defendant asserts that Plaintiff made a "materially false statement" [ECF No. 30 at 3], where we told the Court:

4

> At trial, Judge Rowley conformed the pleadings to the evidence [Exhibit 6, Transcript at 346:16-20], rendering all pretrial pleadings irrelevant. Judge Rowley determined that Defendant froze Jordan out of the business and "misappropriated" $15,496,492.00 as breach of fiduciary duty, of which half of that amount belonged to Jordan. [ECF No. 2, Decision and Verdict ¶ 78, see also, id. ¶ 29].

[ECF No. 24 at 2]. We respectfully disagree with the Defendant. Plaintiff quoted Judge Rowley's Decision regarding the finding of "misappropriated." Breach of fiduciary duty is a reasonable inference drawn from that finding, as shown below.

"The dischargeability of a given debt depends on the substance, not the form, of the liability." In re Kornguth, 111 B.R. 525, 527 (Bankr. W.D. Pa. 1990). In the underlying action, Defendant is correct that Judge Rowley did not use the phrase, "breach of fiduciary duty," but neither did Judge Rowley use the words, "conversion" or "convert." This Court, therefore, has to look at the substance, rather than the form, of what Judge Rowley found. Judge Rowley found that Defendant "misappropriated" corporate funds and services from National Brokers of America, Inc. (NBOA), and used that operative term 17 times in his honor's Decision and Verdict. [ECF No. 2, Decision and Verdict ¶¶ 56, 58-61, 65-66, 70, 72-76, 78]. Defendant froze out Jordan from NBOA [id. ¶ 29], "did not share with Jordan" the profits and earnings from NBOA, [id. ¶ 78], and acted with intent to "keep all benefits of NBOA solely for himself." [Id. ¶ 48].

We did not make a materially false statement to the Court, therefore, by inferring that Judge Rowley's findings and verdict sound in breach of fiduciary duty. Moreover, as an officer of the Court, defense counsel were obligated to retract a mistaken statement of fact, i.e., "Count 6 (Conversion) was the only count tried before the Honorable Timothy J. Rowley." [ECF No. 18 at 2 (Statement of Fact No. 4)]. By presenting this Court with the trial transcript, where Judge Rowley granted a motion to conform the pleadings to the evidence, Defendant's assertion to the contrary is incorrect. Defense counsel, as officers of the Court, are duty-bound to correct any mistaken or

5

erroneous statements of fact they submitted.

Defendant offers no analysis of Judge Rowley's operative finding "misappropriated." Defendant thereby waived the issue that it is synonymous with embezzlement, and therefore that it makes no difference whether Judge Rowley agreed with conversion or breach of fiduciary duty. Factually unsupported, legally undeveloped or non-responsive arguments result in waiver. United States v. Hird, 913 F.3d 332, 355 n.33 (3d Cir. 2019) (without "a factual basis for such a challenge, we regard the issue to be waived."); Griswold v. Coventry First, LLC, 762 F.3d 264, 272 n.6 (3d Cir. 2014) ("undeveloped argument is insufficient"); Eulo v. Deval Aerodynamics, Inc., 430 F.2d 325, 326 n.5 (3d Cir. 1970) (waiver where nothing "more than a cursory argument" is offered).

Several legal theories were presented to Judge Rowley, and the Defendant makes much of what Judge Rowley did not find but ignores what Judge Rowley did find. Plaintiff submits that the balance of Defendant's arguments was adequately addressed in our brief at ECF No. 24.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and for those previously submitted, Plaintiff requests that the Court deny the Defendant's Motion for Summary Judgment [ECF No. 18] and, after affording the Debtor notice and a reasonable time to respond, award summary judgment in favor of Plaintiff under Fed. R. Civ. P. 56(f)(1), incorporated by Fed. R. Bankr. P. 7056; and such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: June 5, 2025            By:    /s/ Joel A. Ready
                                      Joel A. Ready, Esquire
                                      8500 Allentown Pike, Suite 3
                                      Blandon, PA 19510
                                      (610) 926-7875

6