**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| Jason Scott Jordan, | Involuntary Chapter 11 |
|         Plaintiff | Adv. No. 24-0145 (PMM) |
| v. | |
| Alan Christopher Redmond, | |
|         Defendant | |

**STATEMENT OF ISSUES TO BE PRESENTED**

Appellant Jason Scott Jordan ("Jordan"), under Fed. R. Bankr. P. 8009(a), hereby states the issues to be presented on appeal:

The Bankruptcy Court erred by granting summary judgment for the moving party, by denying summary judgment for Jordan under Fed. R. Civ. P. 56(f)(1), and from all prior-trial orders, inclusive of the Court's denials of Jordan's Motion for Leave to File a Sur-Reply and Jordan's motions for a discovery conference. In particular, and on the merits of nondischargeability under 11 U.S.C. § 523(a)(4) and (a)(6), incorporated by reference in Chapter 11 proceedings, id. § 1141(d)(2), the Bankruptcy Court erred as follows:

(1) The Bankruptcy Court erred by holding that the State court's findings were not entitled to issue preclusion under Grogan v. Garner, 498 U.S. 279 (1991) and its progeny, inclusive that Redmond froze Jordan out of their business, misappropriated $15,496,492 from the business and did not share with Jordan and kept solely for himself, and then created a seven-year pendency of the State court litigation so he could drain the business of all assets and form a competing business.

(2) The Bankruptcy Court erred in concluding that Redmond had not acted as a fiduciary within Section 523(a)(4).

(3)      The Bankruptcy Court read the record in a light most favorable to the moving party, namely, Defendant Alan Christopher Redmond, on the question of Redmond's intent.

(4)      The Bankruptcy Court erred in concluding that discovery was necessary to establish Redmond's intent as a condition-precedent to having trial, which is contrary to a fundamental rule in federal and State jurisprudence that a person "is presumed to intend all natural and probable consequences of his or her deliberate acts." Onusic v. Draughon (*In re* Draughon), 2007 Bankr. LEXIS 5049, at *24 (W.D. Pa. Aug. 21, 2007) (citing United States v. Applewhaite, 195 F.3d 679, 690 (3d Cir. 1999)). "A finder of fact is not bound by an actor's stated intention but may find that he intended the natural and probable consequences of his act." Commonwealth v. Thomas, 350 A.2d 847, 849 (Pa. 1976). A party is not required to admit the requisite bad intent to be liable for embezzlement or for willful and wanton injury to person or property. The *Federal Rules of Civil Procedure*, as incorporated by reference under the *Federal Rules of Bankruptcy Procedure*, do not require parties in an adversary proceeding to admit their intent during discovery as a condition-precedent to holding trial on nondischargeability because bankruptcy courts may "have a trial on the specific issue of intent," Knoll v. Uku (*In re* Uku), 658 B.R. 812, 820 (Bankr. W.D. Pa. 2024).

(5)      At summary judgment, the Bankruptcy Court misapplied the *Federal Rules of Civil Procedure*, as incorporated by reference under the *Federal Rules of Bankruptcy Procedure*, by shifting the summary judgment burden of production onto the nonmovant, Jordan, and by faulting Jordan for alleged nonparticipation in discovery where, as here, Redmond never moved to compel and where discovery into Redmond's intent was unnecessary.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: August 13, 2025          By:     /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        8500 Allentown Pike, Suite 3
                                        Blandon, PA 19510
                                        (610) 926-7875

3